FILED BY NC D.C.

DEC 06 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| GEORGE SCHMIDT, individually, ZACHARY CHARLES BAUGHMAN, individually, and on behalf of all others similarly situated, | § § § § | Case No. 2:23-cv-14284-DMN |
| Plaintiffs, | § § | |
| v. | § § | CLASS ACTION |
| CHRIS BIZ SERVICES LLC, a Wyoming Company and CHRISTOPHER CUENZA | § § § § | |
| Defendants. | § § § | |

**DEFENDANT CHRISTOPHER CUENZA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant Christopher Cuenza ("Cuenza") movies this Honorable Court to grant its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

I. **INTRODUCTION**

Plaintiffs fail to state any viable claims under the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227, against Defendant Cuenza for one simple reason: Plaintiffs allege that Cuenza is not a citizen of Florida and Plaintiffs do not allege any personal participation in the alleged activities that could conceivably allow this court to exercise jurisdiction over Cuenza. This Court does not have personal jurisdiction over Cuenza. Cuenza is a California resident. Exhibit 1.

II. **THE ALLEGED FACTS**

1

Plaintiffs allege they received TCPA-violating phone calls placed by Chris Biz Services. (FAC 23, 26, 32-36, 42). Plaintiffs allege these phone calls were prerecorded in nature and also were received by phone numbers registered to the National Do-Not-Call Registry.

### III. ARGUMENT – PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS DEMONSTRATING THIS COURT HAS JURISDICTION OVER CUENZA

A. Legal Standards Applicable to the Court's Exercise of Personal Jurisdiction

Federal Courts may exercise personal jurisdiction over a nonresident defendant so long as state law confers such jurisdiction, and its exercise comports with due process under the Constitution. Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has purposefully established "minimum contacts" with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under this standard, the minimum contacts of the nonresident defendant may establish either "general" or "specific" jurisdiction. A Court has general personal jurisdiction over a nonresident defendant "when defendant's affiliations with the state are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Here the Plaintiffs' have not even attempted to make ***any case*** that this Court could exercise jurisdiction over Defendant Cuenza. Plaintiffs' do not allege a single sentence in their FAC that accuses Cuenza of having any personal involvement at all in the alleged activities. The only mentions of Cuenza are, "Cuenza is a Nevada resident who owns/operates CBS." FAC ¶ 4;

2

"Defendant Cuenza is the owner/operator of CBS." FAC ¶ 20; and "The following individuals are excluded from the Classes:...(2) Defendant CBS and Defendant Cuenza" FAC ¶ 49.

Plaintiffs do not allege any contact with the State of Florida by Defendant Cuenza. Plaintiffs do not allege any contacts with the State of Florida that were directed by Defendant Cuenza. Due process permits the exercise of jurisdiction over a defendant where the defendant has purposefully established "minimum contacts" with the forum state. There is not a single contact with the forum state that has been alleged by Plaintiffs. There is not a single factual allegation contained in the FAC through which Plaintiffs have plausibly pled that Florida can somehow exercise personal jurisdiction over Defendant Cuenza, a California resident.

IV. CONCLUSION

For the reasons set forth above, Cuenza respectfully requests that the Court grant his motion to dismiss.



**Extremely Urgent**

**For FedEx Express® Shipments Only**

Contents should be compatible with the container and packed securely. For shipping terms and conditions and our limits of liability, refer to the applicable FedEx Express shipping document, the current FedEx Service Guide, or conditions of carriage.

For more information on FedEx Express services, solutions, and shipping locations, go to **fedex.com**, or contact your nearest FedEx location:

© 2018 FedEx 155477 REV 3/18



See how FedEx connects the world in responsible and resourceful ways. **environment.fedex.com**. Join our efforts by recycling this FedEx envelope.

ORIGIN ID:JGXA   (818) 653-1379
CHRISTOPHER GUTIERREZ CUENZA
228 S AVE 18 UNIT E

LOS ANGELES, CA 90031
UNITED STATES US

SHIP DATE: 05
ACTWGT: 0.15
CAD: 6994351/

BILL CREDIT C

TO  **PAUL G. ROGERS FEDERAL
BUILDING & U.S. COUTHOUSE
701 CLEMATIS ST
ROOM 202
WEST PALM BEACH FL 33401**
(111) 111-1111          REF:

TRK# 7875 0506 9926

WED – 06 DI
PRIORITY OV

**XG PBIA**